GLEN GREEN, Appellant, v. HARRY GREEN, Appellee.

No. 45358.

OCTOBER 15, 1940.

F. M. Beatty and Edwin Willcockson, for appellant.

R. J. Shaw, for appellee.

BLISS, J.—Plaintiff is the son of defendant. Prior to the death of the wife and mother, in December 1937, the family had been living on a rented quarter-section farm south of Wellman in Washington county. The plaintiff had graduated from high school in 1934 and was 21 years old on July 29, 1937. He had been away from home part of that summer and fall. In September 1937, the defendant and his wife purchased a 275-acre farm on contract from the Prudential Insurance Company for $23,000, on which the defendant made a down payment of $300. A payment of $200 was to be made on January 1, 1938, $700 on February 15, 1938, $1,100 on March 1, 1939, and the balance of $20,700, with the exception of $250 annually, in 10 years. Plaintiff pleaded and testified that in January 1938 he and his father orally agreed that they would pool their personal property and the contracted land and form a partnership for operating it, that each would own one half of all of the property, and they would divide the profits and losses equally. The defendant denied that such an arrangement was made but stated that he had proposed to the plaintiff that if he would stay with him and help operate the farm that he would give him one half of the net profits. The plaintiff claims that at that time he owned 4 cows, 4 calves, and a horse, and that as an heir of his mother he had an undivided one-third interest in 8 cows, 1 team of horses and a full line of farm machinery. The defendant denies that

his wife owned any part of the personal property. He was the beneficiary in a $1,000 policy of life insurance and he used this to pay the sickness and funeral expenses of his wife. Defendant admits that plaintiff owned the 4 cows, 4 calves and the horse, but the evidence fairly shows that but 1 of each was remaining at the time of the trial and these were awarded by the court to the plaintiff. It would serve no purpose to set out at length, nor to discuss, the evidence. The questions involved are those of fact. Much of the testimony as between the parties is in sharp conflict. There is testimony corroborative of the plaintiff's contention, but much of it is equivocal and is not inconsistent with defendant's claim as to the arrangement between them. Plaintiff withdrew his claim to any interest in the real estate. He concedes that he received his full share of the milk checks. Mortgages which the defendant gave to the insurance company on crops and livestock, and a mortgage which he gave to a bank to secure the purchase price of 17 head of milk cows, strongly support the claim of the defendant. There is evidence that the defendant was a few hundred dollars short of meeting his interest and contract payments in 1938, and that in 1939 he had paid no interest. He claims that in the 20 months they were together, the plaintiff cost him $50 a month. The plaintiff said that he received $20 a month and his board. The trial court found that plaintiff had not established the partnership as alleged, nor his ownership of any of the property, excepting the cow, calf and horse. The trial court was better able to justly appraise the weight of the testimony and the credibility of the witnesses as he heard and saw them than are we from the printed record. Our judgment is in accord with that of the court below, and its judgment and decree is therefore affirmed.—Affirmed.

RICHARDS, C. J., and MITCHELL, STIGER, SAGER, OLIVER, and HALE, JJ., concur.